IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAMONT M. BUTLER-EL                 *

Plaintiff                                  *

v                                            *           Civil Action No. JFM-12-2707

STATE OF MARYLAND, INCORPORATED, *
et al.
                                           *

Defendants

\*\*\*\*\*

### MEMORANDUM

Under consideration is Lamont M. Butler-El's notice to remove this traffic case from the District Court for Prince George's county to this court. Butler-El has also filed a motion to proceed in forma pauperis.[1]

On August 22, 2012, Butler-El, who provides a Washington, D.C. address, was issued traffic citations for speeding, unauthorized display and use of a registration plate, driving without a required license and authorization, driving with an expired license, failure to produce registration, and related offenses in Prince George's County, Maryland.[2] He asserts police officers illegally confiscated his property incident to the traffic stop.

As a threshold matter, the court must examine whether it has subject matter jurisdiction over this case. A federal court must *sua sponte* remand a case removed from state court if the federal court lacks subject matter jurisdiction over the case. *See Crawford v. Mokhtari*, 842 F. Supp. 840, 842-843 (D. Md. 1994), aff'd, 30 F.3d 129 (4th Cir.1994); *see also Wisconsin Dept. of Corrections*

---

[1] Butler-El has failed to properly complete his financial affidavit by signing it "without prejudice" and all rights reserved. ECF No. 2. He is advancing arguments typically associated with so-called "flesh and blood" ideology—colloquially named for the distinction professed by adherents between the accused named in the indictment and the "flesh and blood" person of the defendant himself. These arguments are not novel in this court. *See, e.g.*, United States v. Mitchell, 405 F.Supp.2d 602, 603–05 (D.Md.2005) (discussing the origin and characteristics of these beliefs).

[2] The Maryland Case Search website indicates that Butler-El failed to appear for trial scheduled for September 28, 2012. *See* http://casesearch.courts.state.md.us/inquiry. Cases 1020E1R, 1030E1R, 1040E1R, 1050E1R, 1060E1R, 1070E1R, 1080E1R, 1090E1R and 10B0E1R.

*v. Schacht*, 524 U.S. 381, 392 (1998) (acknowledging that when removal is defective for lack of subject matter jurisdiction, remand may occur without motion to remand). In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Federal district courts have "original jurisdiction, exclusive of the courts of the States," over "any civil case of admiralty or maritime cases jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). Butler-El, as the party supporting removal, bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chemical Company*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Company*, 257 U.S. 92, (1921)).

Butler-El does not state his reasons why he believes removal is appropriate here. His illusions to the Constitution and Bill of Rights are without any factual basis to support a claim of constitutional magnitude and confer federal question jurisdiction. Further, to the extent he is seeking removal on the basis of diversity of the parties' citizenship, his claims for $75,000 damages against defendants are speculative and frivolous, failing to satisfy the amount in controversy requirement for diversity jurisdiction.[3] *See* 28 U.S.C. § 1332(a). Butler-El may not convert what is essentially a state traffic stop case to federal matter on the basis of the papers he has filed here. For these reasons, this case will be summarily remanded to state court by separate order.

| October 9, 2012 | /s/ |
|---|---|
| Date | J. Frederick Motz |
|  | United States District Court |

---

[3] Butler-el also claims that removal is appropriate under 28 U.S.C. § 1443(1). A state court defendant who seeks removal under 28 U.S.C. § 1443(1) must demonstrate both that he is being deprived of rights guaranteed by a federal law providing for equal civil rights and that he is denied or cannot enforce that right in the courts of the state. *See Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). Butler-El is disputing traffic citations, and his claims do not raise the question of unlawful discriminatory animus.